ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2010 AUG 19 PM 1:44

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE BORRERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 309-096 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended that the petition filed pursuant to 28 U.S.C. § 2241 be denied. (Doc. no. 9, pp. 3-7).

The overarching theme of Petitioner's § 2241 petition is that his request to be designated to home detention under the "Elderly Offender Home Detention Pilot Program" ("Pilot Program")[1] was improperly denied based on a Bureau of Immigration and Customs Enforcement ("BICE") detainer that had been lodged against him. The Magistrate Judge determined that Petitioner's request to participate in the Pilot Program was properly reviewed and denied pursuant to the criteria set forth in the Pilot Program. (Id. at 8.)

---

[1] The Pilot Program was created in response to the Second Chance Act of 2007 that directed the Bureau of Prisons ("BOP") to conduct a pilot program to determine the effectiveness of removing certain elderly offenders from BOP facilities and placing them on home detention until the expiration of their prison terms.

In his objections, Petitioner argues that the Magistrate Judge did not address one of his claims. Specifically, Petitioner objects that the Magistrate Judge, failed to address whether the BOP and Corrections Corporation of America ("CCA") abused their discretion in denying Petitioner's request for designation to the Pilot Program based on the detainer. (Doc. no. 12.) According to Petitioner, he is entitled to relief because the detainer was not accompanied by a request to "Hold," a warrant for arrest, or an order to show cause. Thus, Petitioner argues that the detainer should not have been considered in the assessment of his eligibility to the Pilot Program. (Id. at 2.) The Court disagrees.

Notably, the Report and Recommendation explains, that contrary to Petitioner's belief, the BOP and CCA may deny his request to participate in the Pilot Program pursuant to the "Immigration Detainer - Notice of Action" letter. (Doc. no. 9, pp. 3-5.) An "Immigration Detainer - Notice of Action," is a document addressed to Petitioner's custodian, and specifically requests that the custodian accept the notice as a detainer.[2] (Doc. no. 6, Attach. 5.) Furthermore, the Magistrate Judge explained that courts have routinely upheld the BOP's consideration of BICE detainers in making classification decisions regarding inmates, including such issues as security level and eligibility for prison programs. (Doc. no. 9, p. 4.) Therefore the Magistrate Judge addressed Petitioner's argument and properly concluded that the BOP and CCA did not abuse their discretion in considering the detainer in assessing Petitioner's eligibility for the Pilot Program.

---

[2]The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release. Orozco v. United States Immigration and Naturalization Serv., 911 F.2d 539, 541 n.2 (11th Cir. 1990).

2

As Petitioner has provided nothing new that would alter the analysis stated in the Report and Recommendation, his objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 19th day of August, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE